UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARK A. SACCULLO,
KATHERINE G. STUENKEL,
MICHELLE PAULL PROA and
DOROTHY SACCULLO,

    Defendants.

Case No:   2:16-cv-155-FtM-29CM

## ORDER

Before the Court is Plaintiff's Application for Entry of Clerk's Default Against Defendant Dorothy A. Saccullo (Doc. 30), filed on April 22, 2016.  Defendant responded in opposition.  Doc. 33.  For the reasons set forth below, Plaintiff's motion is denied.

Plaintiff moves, pursuant Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Defendant for failure to respond to the Complaint. Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

The Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A). Here, the Return of Service (Doc. 22) states that on March 24, 2016, Plaintiff's process server delivered a copy of the Summons and Complaint upon Dorothy A. Saccullo ("Defendant"), 3270 Tamiami Trail, Port Charlotte, FL 33953. Doc. 22. Affidavits by process servers constitute a *prima facie* showing that defendants have been served. *Udoinyion v. The Guardian Security*, 440 Fed. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Here, although Defendant was properly served and failed to respond to the complaint, she responded to the present motion. Defendant states that she was unaware that a response was due. She also states that she is without legal counsel and cannot afford one. Thus, it appears that she is proceeding *pro se* in this matter.

Accordingly, the Court will afford Defendant some leniency and allow her thirty days to respond to the complaint. Plaintiff is permitted to file a renewed motion should Defendant fail to respond within the permitted timeframe.

Additionally, when Defendant responds to the Amended Complaint (Doc. 17), she must do so in accordance with the Federal Rules of Civil Procedure. Rule 8(b)(1) requires that a responding party "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Moreover, Federal Rule 10 requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded upon on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b). While the Court holds *pro se* complaints to a less stringent standard than pleadings drafted by attorneys, *Ortiz v. Degrees*, 2010 WL 2889773, *1 (M.D. Fla. June 28, 2010), a *pro se* litigant is still bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure. *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993).

The Court also encourages Defendant to retain a lawyer. Should Defendant continue to proceed *pro se*, the Court encourages Defendant that before preparing any pleadings, Defendant should visit the "Proceeding Without a Lawyer" section of this Court's website at www.flmd.uscourts.gov. The website includes tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer."

Defendant is informed that if she chooses to proceed *pro se*, it is mandatory that he proceed in accordance with Federal and Local Rules.  *Loren v Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures).

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Application for Entry of Clerk's Default Against Defendant Dorothy A. Saccullo (Doc. 30) is **DENIED**.  Defendant Dorothy A. Saccullo shall have up to and including **June 13, 2016** to respond to Plaintiff's Amended Complaint (Doc. 17). **Failure to do so could result in a default being entered against her.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of May, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 4 -