IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) ) Case No. 2:16-cv-155-JES-CM |
| v. | ) ) |
| MARK A. SACCULLO, Individually, and as Personal Representative of the Estate of ANTHONY L. SACCULLO, KATHERINE G. STUENKEL, MICHELLE (PAULL) PROA, and DOROTHY SACCULLO, | ) ) ) ) ) ) ) |
|     Defendants. | ) ) |

**UNITED STATES' MOTION[1] TO CONTINUE TRIAL, EXTEND PRETRIAL DEADLINES AND EXCUSE PARTIES FROM IN-PERSON MEETING**

Plaintiff United States of America respectfully request the court continue the trial and pretrial conference of this matter, extend the remaining pretrial deadlines until after the Court has ruled on the United States' pending motion for summary and default judgment (ECF No. 39) or for sixty (60) days, whichever is earlier. The United States also respectfully requests the Court excuse the parties from its requirement that they conduct any meeting to prepare a joint pretrial statement in person. A number of the issues in the case have already been resolved by the

---

[1]Pursuant to Local Rule 3.01(g), the undersigned certifies that he has conferred with counsel for Defendants Katherine G. Stuenkel and Michelle (Paull) Proa and they have no opposition to the relief sought by this motion. Mark A. Saccullo has never answered the Complaint in this action, and is in default. (ECF Nos. 27, 31, 32.) The United States has attempted to confer with Dorothy Saccullo by phone at the number on the return address envelope in which she has mailed items to the Court (ECF No. 33-2), but has been unable to speak with her as of this filing.

parties. The only remaining issue is a legal question which has already been fully briefed and is the subject of a pending dispositive motion. Therefore, the United States requests that the Court continue all remaining deadlines in this case until after it has ruled on the pending motion, or for at least sixty days. Further, because the remaining issue is so narrow there is also no need to require the parties meet in person, should preparation of a pretrial statement even become necessary.

The Court should extend all remaining pretrial deadlines in this case and continue the trial. The Court may "for good cause, extend the time" for a party to act under the Federal Rules of Civil Procedure when a party makes such a request before the time has expired. Fed. R. Civ. P. 6(b)(1)(A). "[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). The Court's Case Management and Scheduling Order requires the parties to conduct their meeting to prepare a pretrial statement by January 16, 2017 and file that statement, along with various motions, on January 30. The final pretrial conference in this case is scheduled for February 21, 2017 and the trial term begins March 6. The current posture of the case constitutes good cause for the Court to exercise its discretion to continue the trial and extend all of those deadlines.

The United States and Defendants Katherine G. Stuenkel and Michelle Proa have stipulated to their relative interests in the subject properties of this case and have nothing to resolve. (ECF No. 38.) Mark Saccullo is in default, thereby admitting the well-pled allegations of the Complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). This leaves nothing to resolve with him at trial and the United States has moved for default judgment against him. (ECF Nos. 27, 31, 32, 39.) The only remaining issue

possibly to be disputed appears to be the priority of Dorothy Saccullo's interest in one of the two subject properties of this case, and the United States has moved for summary judgment on that issue. (ECF No. 39.) Ms. Saccullo is past her time to respond to that motion, and so it is ripe for decision and due to be granted. (ECF No. 40.)[2]

Consequently, no purpose would appear to be served by requiring the parties to meet for purposes of preparing a joint pretrial statement at this time. Indeed, in light of that case posture, it is difficult to conceive how the parties could complete the pretrial statement, or submit briefs or other applicable pretrial motions without knowing what issues of fact could possibly be tried. For this reason it is also difficult to imagine what might constitute a triable fact and the Court should continue the trial date and extend the remaining pretrial deadlines until a time beginning fourteen days after the motion is resolved, or for at least sixty (60) days from the current deadlines. Should the motion for summary judgment be granted as appears warranted, no pretrial statement will be necessary. Should the motion be denied, the parties will be better able to complete the statement.

The Court should also excuse the parties from the requirement to conduct any meeting to prepare the statement in person. Counsel for the United States is located in Washington, D.C., and requiring him to travel for preparing the statement seems unnecessary. The limited issue that could even remain for trial should not warrant voluminous exhibits or require extensive time or

---

[2] Dorothy Saccullo claims a mortgage interest in the Adalia Terrace Property in the amount of $3,353.01. (ECF Nos. 36, 39-1 at 56-57.) The United States' summary judgment establishes that the federal estate tax lien has priority over that mortgage. (ECF No. 39.) Indeed, Ms. Saccullo has likely failed to respond because there is no basis in law or fact for her to dispute the tax lien's priority, and the Court should enter final judgment in favor of the United States on that and the other resolved issues.

discussion. Therefore, the parties should be able to complete the statement through telephonic conversations and correspondence and the Court should excuse them from having to conduct the meeting in person.

Dated: January 12, 2017                     Respectfully submitted,

                                              Caroline D. Ciraolo
                                              Principal Deputy Assistant Attorney General

                            By:     s/ Michael W. May
                                       MICHAEL W. MAY
                                       TX Bar no. 24054882
                                       Trial Attorney, Tax Division
                                       U.S. Department of Justice
                                       Post Office Box 14198
                                       Washington, D.C.  20044
                                       Telephone: (202) 616-1857
                                       Fax: (202) 514-9868
                                       michael.w.may@usdoj.gov

                                       Of counsel:

                                       A. Lee Bentley, III
                                       Acting United States Attorney
                                       Counsel for Plaintiff United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2017, I electronically filed the foregoing UNITED STATES' MOTION TO CONTINUE TRIAL, EXTEND PRETRIAL DEADLINES, AND EXCUSE PARTIES FROM IN-PERSON MEETING with the Clerk of the Court by using the CM/ECF system which will cause service of it by electronic notification on the following:

    Albert J. Tiseo
    701 JC Center Ct., Ste. 3
    Port Charlotte, FL 33954
    *Attorney for Defendants*
    *Katherine G. Stuenkel and Michelle (Paull) Proa*

I further certify that on January 12, 2017 I caused the foregoing to be served by United States mail, postage prepaid to the following:

    Mark A. Saccullo
    327D Tamiami Trail
    Port Charlotte, FL 33953

    Dorothy Saccullo
    327D Tamiami Trail
    Port Charlotte, FL 33953

                                              s/ Michael W. May
                                              MICHAEL W. MAY
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice