UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.     Case No: 2:16-cv-155-FtM-29CM

MARK A. SACCULLO, individually, and as personal representative of the Estate of Anthony L. Saccullo, KATHERINE G. STUENKEL, MICHELLE PAULL PROA, and DOROTHY SACCULLO,

      Defendants.

## OPINION AND ORDER

This matter comes before the Court on the United States' Motion for Summary Judgment and Default Judgment against Defendant Mark A. Saccullo (Doc. #39) filed on July 5, 2016. The Court has reviewed the filings, the record evidence, and the applicable law and has concluded, for the reasons discussed below, that the motion for summary judgment and default judgment against Mark A. Saccullo should be granted.

**I.**

On February 24, 2016, the United States filed a Complaint (Doc. #1) against defendants Mark A. Saccullo (Mark), Katherine G. Stuenkel (Stuenkel), Michelle Paull Proa (Proa), and Joanne C. Holt (Holt) seeking to enforce a federal tax lien against certain

properties located in Charlotte County, Florida.  On March 10, 2016, Holt disclaimed any interest in the subject properties and was dismissed from the case.  (Doc. #13; Doc. #14.)  On March 17, 2016, the United States filed an Amended Complaint adding defendant Dorothy Saccullo (Dorothy).  (Doc. #17.)  Defendants Proa and Stuenkel filed an answer on March 30, 2016 (Doc. #23), and subsequently filed a Joint Stipulation (Doc. #38) declaring the United States' tax lien as superior to their interests in the subject properties.

The United States moved for entry of a clerk's default against Mark which was granted on May 4, 2016.  (Doc. #31.)  The United States also moved for entry of a clerk's default against Dorothy (Doc. #30).  In response to the Clerk's entry of default against Mark, and the United States' motion for default against Dorothy, these defendants filed responses stating they did not contest any proceedings by the United States and would cooperate fully.  (Doc. #33; Doc. #34.)  The Court denied the United States' motion for default against Dorothy and allowed her the opportunity to file an answer.  (Doc. #35; Doc. #37.)

The United States now seeks a default judgment as to Mark and summary judgment against the remaining defendants.  Mark filed a letter response to the instant motion.  (Doc. #43.) No other defendants have responded and the time to do so has expired.

**II.**

According to the United States' Amended Complaint, Anthony L. Saccullo died on December 21, 2005.  (Doc. #17, ¶ 9.)  At the time of his death, Anthony L. Saccullo owned an interest in two real properties located at 501 Clearview Drive, Port Charlotte, Florida (Clearview Property) and 293 Adalia Terrace, Port Charlotte, Florida (Adalia Terrace Property). (Id. ¶¶ 10-11).  Mark is the personal representative of the Estate of Anthony L. Saccullo (the Estate) and also an heir of Anthony Saccullo.  (Id. ¶ 5.)  On May 7, 2007, a delegate of the Secretary of the Treasury assessed $1,380,097 in estate tax against the Estate of Anthony L. Saccullo, as well as statutory interest of $71,354.38, a late filing penalty of $62,104.36, and a late payment penalty of $55,203.88.  (Id. ¶ 13.)  As a result of the Estate's failure to satisfy the federal estate tax owed, a federal tax lien arose and attached to all property and all rights to property of the Estate, including the Clearview Property and the Adalia Terrace Property.  (Id. ¶¶ 12-16.)

**III.**

Section 6321 of the Internal Revenue Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amounts . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."  26 U.S.C. § 6321.

The breadth of this provision "reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." U.S. v. Nat'l Bank of Commerce, 472 U.S. 713, 720 (1985).

The lien arises by operation of law "at the time the assessment is made and shall continue until the liability for the amount assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322. An assessment is a procedure by which the IRS records the liability of a taxpayer. Behren v. U.S., 82 F.3d 1017, 1018 n. 1 (11th Cir. 1996) (citing 26 U.S.C. § 6203; 26 C.F.R. § 301.6203-1). To reduce that assessment to a judgment, "the Government must first prove that the assessment was properly made." U.S. v. White, 466 F.3d 1241, 1248 (11th Cir. 2006).

**A. Default Judgment**

The United States seeks a default judgment against Mark personally, and as the personal representative of the Estate of Anthony L. Saccullo. The Return of Service (Doc. #11) states that on March 4, 2016, plaintiff's process server delivered a copy of the Summons and Complaint upon Mark A. Saccullo, individually and as Personal Representative of the Estate of Anthony L. Saccullo. (Doc. #11.) The United States sought and obtained a Clerk's Default and the Entry of Default. (Doc. #31; Doc. #32.) Mark has failed to properly appear or otherwise defend this action.

Therefore, the United States has met the necessary prerequisite for a default judgment against Mark. Fed. R. Civ. P. 55(a).

A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." <u>Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.</u>, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations and citations omitted).

In support of the request for a default judgment, the United States filed a declaration by plaintiff's counsel verifying that Mark is not currently on active duty status. (Doc. #39-2.) The attached Status Report Pursuant to Service Members Civil Relief Act (Doc. #39-3) reflects no active duty in the military. The United States also filed a Declaration by Bryan Morris, an IRS Revenue Officer, verifying the assessment of the Estate's federal tax lien. (Doc. #39-1.)

Mark filed a response to the Court's entry of default (Doc. #33) stating he "will not contest any proceedings by the U.S. Department of Justice, and it has [his] full cooperation." (Doc. #34.) Mark also filed a letter response to the instant motion

(Doc. #43). It is unclear what relief, if any, Mark seeks in the letter, however, he states that he does "not protest the foreclosure." (Id.) Mark has otherwise failed to appear or defend the instant case. Based on the foregoing and the facts alleged in the Amended Complaint, the Court concludes the Amended Complaint is sufficiently pled to support a default judgment against Mark personally, and as the personal representative of the Estate of Anthony L. Saccullo.

**B. Summary Judgment**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment."

St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).

The remaining defendants, Stuenkel, Proa, and Dorothy were named as defendants because they claim or may have an interest in the subject properties sought to be foreclosed. Stuenkel and Proa have filed a Joint Stipulation (Doc. #38) declaring the United States' tax lien as superior to their interests in the subject properties. Therefore, the only disputed priority that may exist is that of Dorothy who has requested that she "be paid the mortgage" she has on the Adalia Terrace Property. (Doc. #36.)

The record shows that Dorothy's mortgage on the Adalia Terrace Property was recorded on March 3, 2016, which is nearly four years after the United States' notice of the estate tax lien was filed. (Doc. #39-1, ¶¶ 15, 20.) Consequently, the mortgage held by Dorothy is subordinate pursuant to 26 U.S.C. § 6323. Moreover, Dorothy has failed to respond to the Motion for Summary Judgment despite being given additional time to do so. (Doc. #42.)

The United States has submitted Certificates of Assessment which reflect the amounts and dates of taxes owed and penalties assessed against the Estate. (Doc. #39-1.) See United States v.

Chila, 871 F.2d 1015, 1018 (11th Cir. 1989) (the "Court accepts the document 'Certificate of Assessments and Payments' submitted by the government as presumptive proof of a valid assessment" (citation omitted)).  Plaintiff has also filed the declaration of IRS Revenue Officer Bryan Morris verifying the IRS' calculations in the Assessments.  (Doc. #39-1.)  This evidence creates a presumption of correctness that defendants must rebut to defeat summary judgment.  White, 466 F.3d at 1248; see also Helvering v. Taylor, 293 U.S. 507, 514 (1935).  No defendant has challenged any of the evidence the United States has presented.

Therefore, the undisputed facts in this case establish the estate tax lien takes priority over any potential interest of the defendants in this case.  Finding no dispute of facts or response opposing the well-pleaded allegations of the Amended Complaint, the request for summary judgment is granted.

**C.   Foreclosure**

Although styled as a motion for summary judgment and default judgment, the United States also asks the Court to resolve this case completely by ordering the foreclosure of the subject properties.  Such a request of the Court is necessary.  As discussed above, a tax lien attaches to property by operation of law; however, the lien is not self-executing.  U.S. v. Nat'l Bank of Commerce, 472 U.S. at 720.  The United States must petition for sale of the lien property, after which:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interest of the parties and of the United States.

26 U.S.C. § 7403(c)

The Court concludes that the parties to this action have been duly notified and foreclosure of the subject properties is appropriate. It is clear that the United States' lien for the Estate's unpaid estate tax is superior to any interest of the defendants. However, it is unclear what interests, if any, the defendants hold at this time. Therefore, in order to determine the proper distribution of the proceeds of a foreclosure sale, the United States shall file a proposed order of final judgment by **February 6, 2017**, which sets forth the proper distribution of the sale proceeds taking into account the potential interests of the defendants in this case.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion (Doc. #39) is **GRANTED** as follows:

    a. Default Judgment against Defendant Mark A. Saccullo is **GRANTED.**

  b. Motion for Summary Judgment as to the remaining defendants Katherine G. Stuenkel, Michelle Paull Proa, and Dorothy Saccullo is **GRANTED.**

 2. Plaintiff shall file a proposed order of final judgment by **February 6, 2017**, and shall e-mail the proposed order in Microsoft Word to the Chambers mailbox listed on the Court's website.

 3. Once Final Judgment is entered, Plaintiff shall promptly file a motion for sale incorporating a proposed order of sale and shall e-mail the proposed order in Microsoft Word to the Chambers mailbox listed on the Court's website.

 4. The Clerk of Court shall terminate all pending deadlines.

 **DONE and ORDERED** at Fort Myers, Florida, this __24th__ day of January, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record